IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| WHITE EAGLE ASSET PORTFOLIO, LP, *et al.*,[1] | Case No. 18-12808 (KG) |
| Debtors. | Jointly Administered |
| | **Re: Docket Nos. 282, 283, 318** |

## ORDER CONFIRMING DEBTORS'
## SECOND AMENDED JOINT CHAPTER 11 PLAN OF REORGANIZATION

The above-captioned debtors (collectively, the "Debtors") having:

a.    operated their business and managed their properties during these Chapter 11 Cases[2] as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code;

b.    executed and filed, on May 24, 2019, the Prepetition Lender Settlement Agreement;

c.    filed, on May 24, 2019, an amended proposed joint chapter 11 plan of reorganization [Docket No. 282] and amended disclosure statement [Docket No. 283] (the "Disclosure Statement") in accordance with the terms of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"), the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and the Local Rules of Bankruptcy Practice and Procedure for the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Local Rules");

---

[1]  The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number include:  White Eagle Asset Portfolio, LP (0691); White Eagle General Partner, LLC (8312); and Lamington Road Designated Activity Company (7738).  The location of the Debtors' service address in these chapter 11 cases is 5355 Town Center Road, Suite 701, Boca Raton, FL 33486.

[2]  Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Plan (as defined below).  To the extent that there is a discrepancy between the terms herein and the Plan, then the Plan shall govern and control.

d.     filed an affidavit or affidavits of service in accordance with the Disclosure Statement Order (as defined below) (the "Confirmation Hearing Notice Affidavit");

e.     filed, on June 7, 2019, the *Debtors' Notice of (I) Assumption of Executory Contracts, (II) Fixing of Cure Amounts, and (III) Deadline to Object Thereto* [Docket No. 326] (as modified, amended, or supplemented from time to time, the "Assumption Notice"), identifying the contracts that the Debtors intend to assume through the Plan;

f.     filed, on June 11, 2019, the *Notice Regarding Hearing on Confirmation of Debtors' Joint Chapter 11 Plan of Reorganization* [Docket No. 328] (the "Confirmation Hearing Notice"), and filed the affidavit of service of the Confirmation Hearing Notice on June 12, 2019;

g.     filed, on June 18, 2019, the *Debtors' Second Amended Joint Chapter 11 Plan of Reorganization* (as amended, modified, or supplemented from time to time, the "Plan"), which unimpairs all Classes of Claims and Equity Interests and does not require votes to be solicited from any constituent; and

h.     filed, on June 18, 2019, the *Debtors' Memorandum of Law in Support of Order Confirming the Debtors' Second Amended Joint Chapter 11 Plan of Reorganization* (the "Confirmation Brief"), along with the *Declaration of Miriam Martinez in Support of Confirmation of Debtors' Second Amended Joint Chapter 11 Plan of Reorganization* (the "Declaration").

The Court having:

a.     entered, on June 5, 2019, the Prepetition Lender Settlement Order;

b.     entered, on June 5, 2019, the *Order Granting Voluntary Dismissal of Adversary Proceeding* [Adv. Docket No. 70] (the "Adversary Dismissal Order");

c.     entered, on June 5, 2019, the *Order Approving Disclosure Statement for the Debtors' Amended Joint Chapter 11 Plan of Reorganization* [Docket No. 318] (the "Disclosure Statement Order");

d.     set June 19, 2019, at 11:00 a.m. (prevailing Eastern Time), as the date and time for the Confirmation Hearing, pursuant to Bankruptcy Rules 3017

2

and 3018 and sections 1126, 1128, and 1129 of the Bankruptcy Code, as set forth in the Disclosure Statement Order;

e.    reviewed the Plan, the Assumption Notice, the Confirmation Brief, the Confirmation Hearing Notice Affidavit, the Declaration, and all filed pleadings, exhibits, statements, and comments regarding confirmation of the Plan, including all objections, statements, and reservations of rights;

f.    held the Confirmation Hearing;

g.    heard the statements and arguments made by counsel in respect of confirmation of the Plan;

h.    considered all oral representations, testimony, documents, filings, and other evidence regarding confirmation of the Plan; and

i.    taken judicial notice of all pleadings and other documents filed, all orders entered, and all evidence and arguments presented in the Chapter 11 Cases.

NOW, THEREFORE, it appearing to the Court that notice of the Confirmation Hearing and the opportunity for any party in interest to object to confirmation of the Plan having been adequate and appropriate as to all parties affected or to be affected by the Plan and the transactions contemplated thereby, and the legal and factual bases set forth in the documents filed in support of confirmation of the Plan and other evidence presented at the Confirmation Hearing having established just cause for the relief granted herein; and having considered any and all objections to the Plan and its confirmation and all such objections being consensually resolved or withdrawn, or overruled on the merits; and after due deliberation thereon and good cause appearing therefor, the Court makes and issues the following findings of fact and conclusions of law, and orders:

DOCS_SF:101273.3

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

IT IS DETERMINED, FOUND, ADJUDGED, DECREED, AND ORDERED

THAT:

**A.      Findings of Fact and Conclusions of Law.**

1.      The findings of fact and conclusions of law set forth herein, in the recitals and in the record of the Confirmation Hearing constitute the Court's findings of fact and conclusions of law under Rule 52 of the Federal Rules of Civil Procedure, as made applicable herein by Bankruptcy Rules 7052 and 9014.  To the extent any of the following conclusions of law constitute findings of fact, or vice versa, they are adopted as such.

**B.      Jurisdiction, Venue, and Core Proceeding.**

2.      The Court has jurisdiction over these Chapter 11 Cases pursuant to section 1334 of title 28 of the United States Code.  The Court has exclusive jurisdiction to determine whether the Plan complies with the applicable provisions of the Bankruptcy Code and should be confirmed.  Venue is proper in this district pursuant to sections 1408 and 1409 of title 28 of the United States Code.  Confirmation of the Plan is a core proceeding within the meaning of section 157(b)(2) of title 28 of the United States Code.

**C.      Eligibility for Relief.**

3.      The Debtors were and are entities eligible for relief under section 109 of the Bankruptcy Code.

DOCS_SF:101273.3

D.    **Commencement and Joint Administration of These Chapter 11 Cases.**

4.    On November 14, 2018, White Eagle General Partner, LLC and Lamington Road Designated Activity Company, as debtors and debtors in possession in the above-captioned Chapter 11 Cases, filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code in this Court.

5.    On December 13, 2018, White Eagle Asset Portfolio, LP, as a debtor and debtor in possession in the above-captioned Chapter 11 Cases, filed a voluntary petition for relief under the Bankruptcy Code in this Court.

6.    In accordance with the *Order (I) Directing Joint Administration of Chapter 11 Cases and (II) Granting Related Relief* [Docket No. 11], these Chapter 11 Cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Bankruptcy Rule 1015. The Debtors continue to operate their business and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee, examiner, or committee has been appointed in these Chapter 11 Cases.

E.    **Burden of Proof – Confirmation of the Plan.**

7.    The Debtors, as proponents of the Plan, have met their burden of proving the applicable elements of sections 1129(a) and 1129(b) of the Bankruptcy Code by a preponderance of the evidence, which is the applicable evidentiary standard for confirmation of the Plan. In addition, and to the extent applicable, the Plan is confirmable under the clear and convincing evidentiary standard.

DOCS_SF:101273.3

**F.**     **Notice.**

8.     As evidenced by the Confirmation Hearing Notice Affidavit, due,

adequate, and sufficient notice of the Plan and the Confirmation Hearing, and all other materials

distributed by the Debtors in connection with confirmation in compliance with the Bankruptcy

Rules, has been provided to all parties entitled to notice in these Chapter 11 Cases.  Such notice

was adequate and sufficient under the facts and circumstances of these Chapter 11 Cases

pursuant to section 1128 of the Bankruptcy Code, Bankruptcy Rules 2002 and 3020, and other

applicable law and rules, and no other or further notice is or shall be required.

**G.**     **No Solicitation Required.**

9.     As noted above, the Plan unimpairs all Classes of Claims and Equity

Interests and does not require votes to be solicited from any constituent.  All Holders of Claims

and Equity Interests in the Debtors are deemed to accept the Plan pursuant to section 1126(f) of

the Bankruptcy Code.

**H.**     **Compliance with Bankruptcy Code Requirements—Section 1129(a)(1).**

10.     The Plan complies with all applicable provisions of the Bankruptcy Code

as required by section 1129(a)(1) of the Bankruptcy Code.  In addition, the Plan is dated and

identifies the entities submitting it, thereby satisfying Bankruptcy Rule 3016(a).

a.     **Proper Classification—Sections 1122 and 1123.**

11.     The Plan satisfies the requirements of sections 1122(a) and 1123(a)(1) of

the Bankruptcy Code.  Article III of the Plan provides for the separate classification of Claims

and Equity Interests into six (6) Classes.  Valid business, factual, and legal reasons exist for the

6

separate classification of such Classes of Claims and Equity Interests. The classifications reflect no improper purpose and do not unfairly discriminate between, or among, Holders of Claims or Equity Interests. Each Class of Claims and Equity Interests contains only Claims or Equity Interests that are substantially similar to the other Claims or Equity Interests within that Class.

> **b.    Specified Unimpaired Classes—Section 1123(a)(2).**

12.    The Plan satisfies the requirements of section 1123(a)(2) of the Bankruptcy Code. Article III of the Plan specifies that Claims and Equity Interests, as applicable, in all Classes (the "<u>Unimpaired Classes</u>") are Unimpaired under the Plan within the meaning of section 1124 of the Bankruptcy Code:

| Class | Designation |
|-------|-------------|
| 1 | Other Priority Claims |
| 2 | Other Secured Claims |
| 3 | Prepetition Lender Secured Claim |
| 4 | General Unsecured Claims |
| 5 | Intercompany Claims |
| 6 | Equity Interests in Debtors |

13.    Additionally, Article II of the Plan specifies that Allowed Administrative Expense Claims, DIP Financing Claims, Professional Fee Claims, and Priority Tax Claims will be paid in full in accordance with the terms of the Plan (unless otherwise agreed by the Debtors or Reorganized Debtors, as applicable, and the relevant Holder(s) in accordance with the terms of the Plan), although these Claims are not classified under the Plan.

> **c.    No Impaired Classes—Section 1123(a)(3).**

14.    The requirements of section 1123(a)(3) of the Bankruptcy Code do not apply to the Plan because there are no Impaired Classes under the Plan.

7

DOCS_SF:101273.3

### d. No Discrimination—Section 1123(a)(4).

15.     The Plan satisfies the requirements of section 1123(a)(4) of the Bankruptcy Code.  The Plan provides for the same treatment by the Debtors for each Claim or Equity Interest in each respective Class unless the holder of a particular Claim or Equity Interest has agreed to a less favorable treatment of such Claim or Equity Interest.

### e. Adequate Means for Plan Implementation—Section 1123(a)(5).

16.     The Plan satisfies the requirements of section 1123(a)(5) of the Bankruptcy Code.  The provisions in Article V and elsewhere in the Plan provide, in detail, adequate and proper means for the Plan's implementation, which reflects the implementation of the Prepetition Lender Settlement Documents.

### f. Voting Power of Equity Securities—Section 1123(a)(6).

17.     The Plan provides that the Amended Constituent Documents will include, among other things, pursuant to section 1123(a)(6) of the Bankruptcy Code, a provision prohibiting the issuance of non-voting equity securities to the extent required by section 1123(a)(6) of the Bankruptcy Code.

### g. Directors and Officers—Section 1123(a)(7).

18.     The Plan satisfies the requirements of section 1123(a)(7) of the Bankruptcy Code.  In accordance with Article V.I of the Plan, the identities of the management of the Debtors as of the Effective Date have been disclosed.  The selection of the management of the Debtors is consistent with the interests of Holders of Claims and Equity Interests, and public policy.

8

h.    **Impairment/Unimpairment of Classes—Section 1123(b)(1).**

19.    The Plan is consistent with section 1123(b)(1) of the Bankruptcy Code. Article III of the Plan leaves Unimpaired each Class of Claims and Equity Interests.

i.    **Assumption and Rejection—Section 1123(b)(2).**

20.    The Plan is consistent with section 1123(b)(2) of the Bankruptcy Code. Article VII of the Plan provides for the assumption of the Debtors' Executory Contracts not previously assumed, assumed and assigned, or rejected during these Chapter 11 Cases under section 365 of the Bankruptcy Code, and the payment of cure amounts, if any, related thereto.

j.    **Compromise, Settlement, Releases, Exculpation, Injunction, and Preservation of Claims and Causes of Action—Section 1123(b)(3).**

21.    The Plan is consistent with section 1123(b)(3) of the Bankruptcy Code. As provided in Article V of the Plan, and in consideration of the distributions, settlements, and other benefits provided under the Plan, except as stated otherwise in the Plan and subject to and consistent with the terms of the Prepetition Lender Settlement Documents, all settlements set forth in the Plan, including those between the Debtors, the Non-Debtor Affiliates, and the Lender Parties, constitute a good faith compromise of all Claims, Equity Interests, and controversies that are the subject of such settlements. The compromise and settlement of such settled Claims, Equity Interests and controversies embodied in the Plan and reinstatement and unimpairment of other Classes identified in the Plan are in the best interests of the Debtors, the Estates, and all Holders of Claims and Equity Interests, and are fair, equitable, and reasonable.

22.    Article X.B of the Plan describes certain releases granted by the Debtors and the other Releasing Debtor Parties (the "<u>Debtor Releases</u>"). The Debtors have satisfied the

9

DOCS_SF:101273.3

standard set forth in *In re Zenith Elecs. Corp.,* 241 B.R. 92, 110 (Bankr. D. Del 1999), as well as

the business judgment standard with respect to the propriety of the Debtor Releases. The Debtor

Releases are a necessary and integral element of the Plan, and are fair, reasonable, and in the best

interests of the Debtors, the other Releasing Debtor Parties, the Estates, and Holders of Claims

and Equity Interests. Also, the Debtor Releases are: (a) in exchange for the good and valuable

consideration provided by the Released Parties; (b) a good faith settlement and compromise of

the Claims released by the Debtors and the other Releasing Debtor Parties under the Plan; and (c)

given, and made, after due notice and opportunity for hearing. In addition, all classes of Claims

and Interests are unimpaired and therefore presumed to accept the Plan. The Plan, including the

Debtor Releases, was negotiated by sophisticated parties represented by able counsel and

financial advisors. The Debtor Releases are therefore the result of an arm's-length negotiation

process and prejudice no one because all Claims and Equity Interests are Unimpaired under the

Plan.

23.    Article X.C of the Plan describes certain releases granted by Holders of

Claims and Equity Interests, all of whom are unimpaired under the Plan, against the Debtors and

other Released Parties (the "Third-Party Release"). The Third-Party Release provides finality

for the Debtors, the Reorganized Debtors, and the other Released Parties regarding the parties'

respective obligations under the Plan and with respect to the Debtors and the Reorganized

Debtors. The Confirmation Hearing Notice sent to Holders of Claims and Equity Interests

unambiguously and prominently stated that the Plan contains the Third-Party Release and

provided therein a copy of the Third-Party Release excerpted from the Plan.  The Debtors also

served the Plan and Disclosure Statement, which set forth the Third-Party Releases, on all known

holders of Claims and Equity Interests.

24.    The exculpation, described in Article X.E of the Plan (the "Exculpation"),

is appropriate under applicable law because it was proposed in good faith, was formulated

following extensive good-faith, arm's-length negotiations with key constituents, is appropriately

limited in scope, and covers only estate fiduciaries.  The Exculpation, including its carve-out for

gross negligence or willful misconduct, is consistent with established practice in this jurisdiction

and others.

25.    The injunction provision set forth in Article X.G of the Plan is essential to

the Plan and is necessary to implement the Plan and to preserve and enforce the Debtors'

discharge, the Debtor Releases, the Third-Party Release, and the Exculpation.  Such injunction

provision is appropriately and narrowly tailored to achieve this purpose.

26.    Article X.F of the Plan appropriately provides that, except as otherwise

provided for in the Plan or this Confirmation Order and subject to and consistent with the terms

of the Prepetition Lender Settlement Documents, the Reorganized Debtors will retain, and may

enforce, all rights to commence and pursue, as appropriate, any and all Causes of Action except

for Causes of Action that have been expressly waived, settled, or otherwise released as provided

under the Plan, the Prepetition Lender Settlement Documents, or the Adversary Dismissal Order,

whether arising before or after the Petition Date in accordance with section 1123(b)(3)(B) of the

11

Bankruptcy Code.  The provisions regarding the preservation of Causes of Action in the Plan are appropriate, fair, equitable, and reasonable, and are in the best interests of the Debtors, the Estates, and Holders of Claims and Equity Interests.

27.     The release and discharge of all mortgages, deeds of trust, Liens, pledges, or other security interests against property of the Estates described in Article V.G of the Plan (the "Lien Release"), subject to and consistent with the terms of the Prepetition Lender Settlement Documents, is necessary to implement the Plan.  The provisions of the Lien Release are appropriate, fair, equitable, and reasonable and are in the best interests of the Debtors, the Estates, and Holders of Claims and Equity Interests.

k.     **Additional Plan Provisions—Section 1123(b)(6).**

28.     The other discretionary provisions of the Plan are appropriate and consistent with the applicable provisions of the Bankruptcy Code, thereby satisfying section 1123(b)(6) of the Bankruptcy Code.

I.     **Debtor Compliance with the Bankruptcy Code—Section 1129(a)(2).**

29.     The Debtors and their agents have complied in good faith with the applicable provisions of the Bankruptcy Code and, thus, satisfied the requirements of section 1129(a)(2) of the Bankruptcy Code.

J.     **Plan Proposed in Good Faith—Section 1129(a)(3).**

30.     The Plan satisfies the requirements of section 1129(a)(3) of the Bankruptcy Code.  The Debtors have proposed the Plan in good faith and not by any means forbidden by law.  In so determining, the Court has examined the totality of the circumstances

12

surrounding the filing of these Chapter 11 Cases, the Plan, the process leading to confirmation, and the transactions to be implemented pursuant thereto. These Chapter 11 Cases were filed, and the Plan was proposed, with the legitimate purpose of allowing the Debtors to implement the Restructuring Transactions, reorganize, and emerge from bankruptcy with a capital and organizational structure that will allow them to conduct their business and satisfy their obligations with sufficient liquidity and capital resources.

**K.    Payment for Services or Costs and Expenses—Section 1129(a)(4).**

31.    The procedures set forth in the Plan for the Court's review and ultimate determination of the fees and expenses to be paid by the Debtors in connection with these Chapter 11 Cases, or in connection with the Plan and incident to these Chapter 11 Cases, satisfy the objectives of, and are in compliance with, section 1129(a)(4) of the Bankruptcy Code.

**L.    Directors, Officers, and Insiders—Section 1129(a)(5).**

32.    The Debtors have satisfied the requirements of section 1129(a)(5) of the Bankruptcy Code. The Debtors have disclosed the identity and affiliations of the individuals proposed to serve as the initial management of the Reorganized Debtors, and the identity and nature of any compensation for any insider who will be employed or retained by the Reorganized Debtors. The appointment of the initial management of the Reorganized Debtors is consistent with the interests of the Holders of Claims and Equity Interests and with public policy.

DOCS_SF:101273.3

**M.**    **No Rate Changes—Section 1129(a)(6).**

33.    The requirements of section 1129(a)(6) of the Bankruptcy Code do not

apply to the Plan because the Plan proposes no rate change subject to the jurisdiction of any

governmental regulatory commission.

**N.**    **Best Interest of Creditors—Section 1129(a)(7).**

34.    The requirements of section 1129(a)(7) of the Bankruptcy Code do not

apply to the Plan because all Classes of Claims and Equity Interests are Unimpaired under the

Plan.

**O.**    **Acceptance by Certain Classes—Section 1129(a)(8).**

35.    Each Class of Claims and Equity Interests under the Plan is Unimpaired

and therefore conclusively presumed to have accepted the Plan pursuant to section 1126(f) of the

Bankruptcy Code.

**P.**    **Treatment of Claims Entitled to Priority Under Section 507(a)**
       **of the Bankruptcy Code—Section 1129(a)(9).**

36.    The treatment of Administrative Expense Claims, DIP Financing Claims,

Professional Fee Claims, and Priority Tax Claims, under Article II of the Plan, and of Other

Priority Claims under Article III of the Plan, satisfies the requirements of, and complies in all

respects with, section 1129(a)(9) of the Bankruptcy Code.

**Q.**    **Acceptance by at Least One Impaired Class—Section 1129(a)(10).**

37.    Section 1129(a)(10) of the Bankruptcy Code is not applicable to the Plan

because there is no Impaired Class of Claims or Equity Interests under the Plan.

14

**R.**     **Feasibility—Section 1129(a)(11).**

38.     The Plan satisfies the requirements of section 1129(a)(11) of the Bankruptcy Code.  The financial projections encompassed within the Disclosure Statement and the DIP Financing Documents:  (a) are reasonable, persuasive, and credible as of the dates such analysis or evidence was prepared, presented, or proffered; (b) utilize reasonable and appropriate methodologies and assumptions; (c) have not been controverted by other evidence; (d) establish that the Plan is feasible and confirmation of the Plan is not likely to be followed by the liquidation (other than as set forth in the Prepetition Lender Settlement Documents), or the need for further financial reorganization, of the Reorganized Debtors or any successor to the Reorganized Debtors under the Plan; and (e) establish that the Debtors and the Reorganized Debtors will have sufficient funds available to meet their obligations under the Plan.

**S.**     **Payment of Fees—Section 1129(a)(12).**

39.     The Plan satisfies the requirements of section 1129(a)(12) of the Bankruptcy Code.  Article XIII.A of the Plan provides for the payment of all fees payable by the Debtors under 28 U.S.C. § 1930(a).

**T.**     **Continuation of Employee Benefits—Section 1129(a)(13).**

40.     The requirements of section 1129(a)(13) of the Bankruptcy Code do not apply to the Plan because the Debtors are not liable for any "retiree benefits," as such term is defined in section 1114 of the Bankruptcy Code.

DOCS_SF:101273.3

**U.    Non-Applicability of Certain Sections—Sections 1129(a)(14), (15), and (16).**

41.    The requirements of sections 1129(a)(14), 1129(a)(15), and 1129(a)(16) of the Bankruptcy Code do not apply to the Plan because the Debtors owe no domestic support obligations, are not individuals, and are not nonprofit corporations, respectively.

**V.    "Cram Down" Requirements—Section 1129(b).**

42.    The requirements of section 1129(b) of the Bankruptcy Code do not apply to the Plan because there are no Impaired Classes of Claims or Equity Interests under the Plan.

**W.    Only One Plan—Section 1129(c).**

43.    The Plan satisfies the requirements of section 1129(c) of the Bankruptcy Code.  The Plan is the only chapter 11 plan filed in each of these Chapter 11 Cases.

**X.    Principal Purpose of the Plan—Section 1129(d).**

44.    The Plan satisfies the requirements of section 1129(d) of the Bankruptcy Code.  As evidenced by its terms, the principal purpose of the Plan is not the avoidance of taxes or the avoidance of the application of section 5 of the Securities Act.

**Y.    Not Small Business Cases—Section 1129(e).**

45.    The requirements of section 1129(e) of the Bankruptcy Code do not apply to the Plan because these Chapter 11 Cases are not small business cases.

**Z.    Satisfaction of Confirmation Requirements.**

46.    Based on the foregoing and all other pleadings and evidence proffered or adduced at or prior to the Confirmation Hearing, the Plan satisfies the requirements for

confirmation set forth in section 1129 of the Bankruptcy Code.  Upon confirmation and the

occurrence of the Effective Date, the Plan shall be binding upon all holders of Claims and Equity

Interests.

**AA.    Likelihood of Satisfaction of Conditions Precedent to the Effective Date.**

47.    Each of the conditions precedent to the Effective Date, as set forth in

Article IX.A of the Plan, has been or is reasonably likely to be satisfied or waived in accordance

with Article IX.B of the Plan.  The Plan shall not become effective unless and until the

conditions set forth in Article IX.A of the Plan have been satisfied or waived.

**BB.    Implementation.**

48.    All Plan Documents necessary to implement the Plan and all other

relevant and necessary documents have been negotiated in good faith and at arm's length, are in

the best interest of the Debtors and their Estates, and shall, upon completion of documentation

and execution, be valid, binding, and enforceable agreements and shall not be in conflict with

any federal or state law.  The Debtors are authorized to take any action reasonably necessary or

appropriate to consummate such agreements and the transactions contemplated thereby.

**CC.    Disclosure of Facts.**

49.    The Debtors have disclosed material facts regarding the Plan, including

with respect to consummation of the Plan Documents, and the fact that each applicable Debtor

will emerge from its respective Chapter 11 Case as a validly existing corporation, limited

liability company, partnership, or other form, as applicable, with separate assets, liabilities, and obligations.

**DD.    Waiver of Stay**.

50.    Given the facts and circumstances of these Chapter 11 Cases, good cause exists for the waiver of the stay of effectiveness of this Confirmation Order imposed by Bankruptcy Rules 3020(e), 6004(h), 6006(d), and 7062, to the extent applicable.

**EE.    Good Faith.**

51.    The Debtors, the Released Parties, and the Releasing Parties have been and will be acting in good faith if they proceed to: (a) consummate the Plan and the agreements, settlements, transactions, and transfers contemplated thereby; and (b) take the actions authorized and directed by this Confirmation Order to reorganize the Debtors' business and effect the other Plan Documents and the Restructuring Transactions.

**ORDER**

BASED ON THE FOREGOING FINDINGS OF FACT AND CONCLUSIONS OF LAW, IT IS ORDERED, ADJUDGED, DECREED, AND DETERMINED THAT:

1.    **Findings of Fact and Conclusions of Law**.  The findings of fact and the conclusions of law set forth in this Confirmation Order constitute findings of fact and conclusions of law in accordance with Bankruptcy Rule 7052, made applicable to this proceeding by Bankruptcy Rule 9014.  All findings of fact and conclusions of law announced by the Court at the Confirmation Hearing in relation to confirmation are hereby incorporated into

DOCS_SF:101273.3

this Confirmation Order.  To the extent that any of the following constitutes findings of fact or conclusions of law, they are adopted as such.  To the extent any finding of fact or conclusion of law set forth in this Confirmation Order (including any findings of fact or conclusions of law announced by the Court at the Confirmation Hearing and incorporated herein) constitutes an order of this Court, it is adopted as such.

2.      **Confirmation of the Plan**.  The Plan, attached hereto as **Exhibit A**, is approved in its entirety and CONFIRMED under section 1129 of the Bankruptcy Code.

3.      **Objections**.  Any resolution or disposition of objections to confirmation explained or otherwise ruled upon by the Court on the record at the Confirmation Hearing is hereby incorporated by reference.  All objections and all reservations of rights pertaining to confirmation that have not been withdrawn, waived, or settled are overruled on the merits in their entirety, and all withdrawn objections or responses are hereby deemed withdrawn with prejudice.

4.      **Deemed Acceptance of Plan**.  In accordance with section 1127 of the Bankruptcy Code and Bankruptcy Rule 3019, all Holders of Claims and Equity Interests are deemed to have accepted the Plan.

5.      **Plan Modifications**.  The Debtors filed the Plan on June 18, 2019, with certain modifications to the Plan that was filed on May 24, 2019 (the "Plan Modifications").  The Plan Modifications do not adversely affect or change the treatment of any Claim or Equity Interest under the Plan.  After giving effect to the Plan Modifications, the Plan continues to satisfy the requirements of sections 1122 and 1123 of the Bankruptcy Code.  The filing with the

19

Court of the Plan that incorporates the Plan Modifications and the disclosure of the Plan Modifications on the record at the Confirmation Hearing constitute due and sufficient notice thereof. Accordingly, pursuant to section 1127(a) of the Bankruptcy Code and Bankruptcy Rule 3019, the Plan Modifications do not require additional disclosure under section 1125 of the Bankruptcy Code, nor do they require that Holders of Claims or Equity Interests be afforded an opportunity to object to the Plan Modifications. Accordingly, the Plan, as modified by the Plan Modifications, is properly before this Court and shall be binding on all Holders of Claims and Equity Interests.

6.      **Binding Effect**. Pursuant to section 1141 of the Bankruptcy Code, effective as of the Confirmation Date, but subject to the occurrence of the Effective Date, the terms of the Plan, the Amended Constituent Documents, and this Confirmation Order shall be immediately effective and enforceable and deemed binding on the Debtors, the Reorganized Debtors, and any and all parties in interest, Holders of Claims and Equity Interests (notwithstanding that Holders of such Claims or Equity Interests are not entitled to vote to accept or reject the Plan), all Entities that are parties to or are subject to the settlements, compromises, releases, discharges, and injunctions described in the Plan, each Entity acquiring property under the Plan, any and all non-Debtor parties to Executory Contracts with the Debtors, any Person or Entity making an appearance in the Chapter 11 Cases or any other Person in the Chapter 11 Cases; and the successors and assigns of all of the above listed entities.

DOCS_SF:101273.3

7.      **Vesting of Assets in the Debtors**.  Except as otherwise provided in the Plan or the Confirmation Order and subject to and consistent with the terms of the Prepetition Lender Settlement Documents, on or after the Effective Date, all property and Assets of the Estates (including, without limitation, Causes of Action and, unless otherwise waived or released pursuant to an order of this Court or the Plan, Avoidance Actions) will vest in the Debtors, free and clear of all Liens, Claims, charges or other encumbrances pursuant to section 1141(c) of the Bankruptcy Code except with respect to such Liens, Claims, charges and other encumbrances that are specifically preserved under the Plan upon the Effective Date (including the Prepetition Lender Secured Claim, the Prepetition Lender Lien, the DIP Financing Claim, and the DIP Liens).  Notwithstanding the vesting of such property and Assets in the Debtors on the Effective Date, the Debtors shall remain obligated to sell or transfer the Collateral in accordance with the Prepetition Lender Settlement Documents, and remain obligated to make the distributions set forth in the Plan.

8.      **Effectiveness of All Actions**.  All actions contemplated by the Plan, including, without limitation, (i) entering into, implementing, effectuating, and consummating the contracts, instruments, releases, and other agreements or documents created in connection with or described in the Plan and the Prepetition Lender Settlement Documents, (ii) making all distributions and issuances as required under the Plan; and (iii) entering into any transactions as set forth in the Plan Documents, including the Prepetition Lender Settlement Documents, are hereby effective and authorized to be taken by the Debtors, the Reorganized Debtors, or the

21

Liquidation Agent, as appropriate, on, prior to, or after the Effective Date, as applicable, under

this Confirmation Order, without further application to, or order of the Court, or further action by

the respective directors, managers, officers or equity security holders of the Debtors or the

Reorganized Debtors and with the effect that such actions had been taken by unanimous action

of such directors, managers, officers or equity security holders.

9.      **Restructuring Transactions**.  Subject to and consistent with the terms of

the Prepetition Lender Settlement Documents, on the Effective Date or as soon as reasonably

practicable thereafter, the Debtors, the Reorganized Debtors, and the Liquidation Agent, on

behalf of the Debtors, as appropriate, are authorized to take all actions consistent with the Plan as

may be necessary or appropriate to implement, effectuate and consummate the Plan and the

Restructuring Transactions.

10.     **Prepetition Lender Settlement Documents**.  The Debtors and the Non-

Debtor Affiliates shall comply with the Prepetition Lender Settlement Documents and shall not

take any actions in contravention thereof.  From and after a Sale Trigger Event, any sale or

transfer of the Debtors' Assets and property (including the equity interests in White Eagle) may

be effectuated by the Debtors, at the direction of the Liquidation Agent (based on the advice of

Maple) without any further notice to or order of this Court, act or action under applicable law,

regulation, order, or rule or the vote, consent, authorization or approval of any Entity.

11.     **DIP Financing Documents**.  Notwithstanding the occurrence of the

Effective Date, until the Consummation Date, the DIP Financing Documents shall remain in full

DOCS_SF:101273.3

force and effect and the Debtors shall remain obligated to comply therewith, in each case subject to the terms and conditions of the DIP Financing Documents. The Debtors may not make any payments or other transfers of Cash that are not specifically identified in the budget included in the DIP Financing Documents, subject to permitted variances.

12. **Preservation of Causes of Action**. Subject to and consistent with the terms of the Prepetition Lender Settlement Documents and the Adversary Proceeding Dismissal Order, and except as otherwise provided in the Plan or this Confirmation Order, after the Effective Date, the Debtors shall retain all rights to commence, pursue, litigate, or settle, as appropriate, any and all Causes of Action and Litigation Claims, whether arising before or after the Petition Date. After the Consummation Date, the Reorganized Debtors shall have the exclusive right to enforce, sue on, settle, compromise, transfer, or assign any or all of the Litigation Claims without notice to or approval from this Court. Unless a particular Cause of Action or Litigation Claim against an Entity is expressly waived, relinquished, exculpated, released, compromised, or settled in the Plan, the Prepetition Lender Settlement Documents, or any Final Order (including, without limitation, this Confirmation Order), the Debtors reserve such Causes of Action or Litigation Claim for later adjudication by the Debtors or the Reorganized Debtors.

13. **Compromise of Controversies.** In consideration for the distributions and other benefits, including releases, provided in the Plan, all settlements set forth in the Plan, including those between the Debtors, the Non-Debtor Affiliates, and the Lender Parties,

DOCS_SF:101273.3

constitute a good faith compromise and settlement of all Claims, Equity Interests, and

controversies that are the subject of such settlements, and this Confirmation Order constitutes

approval of such compromise and settlement, subject to and consistent with the terms of the

Prepetition Lender Settlement Documents and the Adversary Proceeding Dismissal Order.

14.    **Assumption of Executory Contracts**.  On the Effective Date, each

Executory Contract assumed under the Plan, as set forth in the Assumption Notice, shall be

deemed assumed, without the need for any further notice to or action, order, or approval of this

Court, under section 365 of the Bankruptcy Code and any cure amounts shall be satisfied by the

Debtors or Reorganized Debtors, as applicable, in accordance with Article VI.C of the Plan.

15.    **No Rejection**.  No Entity may seek to reject any Prepetition Lender

Settlement Document, or the Plan under section 365 of the Bankruptcy Code (or otherwise) in

the Chapter 11 Cases or any other Insolvency or Liquidation Proceeding.

16.    **Professional Compensation**.  Professionals or other Entities asserting a

Professional Fee Claim for services rendered through the Effective Date shall File, on or before

the Professional Fee Claims Bar Date,[3] and serve on the Debtors or the Reorganized Debtors, as

applicable, the United States Trustee, and such other Entities who are designated by the

Bankruptcy Rules, this Order, or other order of this Court, including the *Order Establishing*

*Procedures for Interim Compensation and Reimbursement of Expenses of Professionals* [Docket

---

[3] Under the Plan, the "Professional Fee Claims Bar Date" means with respect to Professional Fee Claims, the Business Day which is sixty (60) days after the Effective Date or such other date as approved by order of the Bankruptcy Court.

DOCS_SF:101273.3

No. 79], an application for final allowance of such Professional Fee Claim; *provided* that any

Professional who may receive compensation or reimbursement of expenses pursuant to the

Ordinary Course Professionals Order may continue to receive such compensation and

reimbursement of expenses for services rendered before the Effective Date, without further

Bankruptcy Court order, pursuant to the Ordinary Course Professionals Order and the DIP

Financing Documents.  Objections to any Professional Fee Claim shall be Filed and served on

the Debtors or the Reorganized Debtors, as applicable, and the requesting party by the

Professional Fee Claim Objection Deadline except as otherwise provided in the Ordinary Course

Professionals Order.[4]  Each Holder of an Allowed Professional Fee Claim shall be paid by the

Debtors or the Reorganized Debtors, as applicable, in Cash within ten (10) Business Days of

entry of the order approving such Allowed Professional Fee Claim.  The Debtors or the

Reorganized Debtors, as applicable, shall pay Professionals in the ordinary course of business,

for any work performed after the Effective Date, including those fees and expenses incurred by

Professionals in connection with the implementation, effectiveness, and consummation of the

Plan, in each case without further application or notice to or order of this Court in full, in Cash;

*provided*, that, pursuant to the Plan, any Professional seeking payment for work performed after

the Effective Date through the Consummation Date must serve, on or before the Business Day

that is sixty (60) days after the Consummation Date on the Debtors or the Reorganized Debtors,

---

[4]  Under the Plan, the "Professional Fee Claims Objection Deadline" means, with respect to any Professional Fee Claim, the later of (i) ninety (90) days after the Effective Date and (ii) thirty (30) days after the timely Filing of the applicable request for payment of such Professional Fee Claim.

DOCS_SF:101273.3

as applicable, and counsel to the Lender Parties a request for payment (which may be by email

transmission), including the relevant invoices, subject to a review by the Lender Parties for

reasonableness upon ten (10) Business Days' notice; *provided, further*, that any payment to the

Professional subject to an objection asserted by the Lender Parties during such review period

shall not be paid until such objection is resolved consensually with the Lender Parties or, if

necessary, by this Court.

      17.    **Administrative Expense Claims Bar Date**.  In the event that an

Administrative Expense Claim is not paid by the Debtors in the ordinary course, the Holder of

such Administrative Expense Claim (other than an Administrative Expense Claim as specified in

subparagraph (B) or (C) of section 503(b)(1) of the Bankruptcy Code held by a Governmental

Unit) shall File, on or before the applicable Administrative Expense Claims Bar Date,[5] and serve

on the Debtors or the Reorganized Debtors, as applicable, and such other Entities who are

designated by the Bankruptcy Rules, this Confirmation Order, or other order of this Court, an

application for allowance and payment of such Administrative Expense Claim.  Objections to

any Administrative Expense Claim shall be Filed and served on the Debtors or the Reorganized

Debtors, as applicable, and the requesting party by the Administrative Expense Claims Objection

---

[5]  Under the Plan, the "<u>Administrative Expense Claims Bar Date</u>" means (i) with respect to any Administrative Expense Claim (other than an Administrative Expense Claim as specified in subparagraph (B) or (C) of section 503(b)(1) of the Bankruptcy Code held by a Governmental Unit) becoming due on or prior to May 31, 2019, on June 28, 2019 at 5:00 p.m. (prevailing Eastern time), and (ii) with respect to any Administrative Expense Claim (other than an Administrative Expense Claim as specified in subparagraph (B) or (C) of section 503(b)(1) of the Bankruptcy Code held by a Governmental Unit) becoming due between June 1, 2019 and the Effective Date, the Business Day which is sixty (60) days after the Effective Date or such other date as approved by order of the Bankruptcy Court.

Deadline.[6]  Each Holder of an Allowed Administrative Expense Claim shall be paid by the

Debtors or the Reorganized Debtors, as applicable, in Cash within ten (10) Business Days of

entry of the order approving such Allowed Administrative Expense Claim.

        18.      **Release, Exculpation, Discharge, and Injunction Provisions**.  The

Debtor Releases, the Third-Party Release, the Exculpation, and any other release, exculpation,

discharge, and injunction provisions set forth in the Plan are approved and authorized in their

entirety, and such provisions are effective and binding on all parties and Entities to the extent

provided therein.

        l.      **Discharge of Claims and Termination of Equity Interests.**

        19.      To the fullest extent provided under section 1141(d)(1)(A) and other

applicable provisions of the Bankruptcy Code, except as otherwise expressly provided by the

Plan or this Confirmation Order, all consideration distributed under the Plan will be in exchange

for, and in complete satisfaction, settlement, discharge, and release of, all Claims and Equity

Interests of any kind or nature whatsoever against the Debtors or any of their Assets or

properties, and regardless of whether any property will have been distributed or retained pursuant

to the Plan on account of such Claims or Equity Interests.  Except as otherwise expressly

provided by the Plan or this Confirmation Order, upon the Effective Date, the Debtors and their

Estates will be deemed discharged and released under and to the fullest extent provided under

---

[6] Under the Plan, the "Administrative Expense Claims Objection Deadline" means, with respect to any Administrative Expense Claim, the later of (i) ninety (90) days after the Effective Date and (ii) thirty (30) days after the timely Filing of the applicable request for payment of such Administrative Expense Claim.

DOCS_SF:101273.3

section 1141(d)(1)(A) and other applicable provisions of the Bankruptcy Code from any and all

Claims and Equity Interests of any kind or nature whatsoever, including, but not limited to,

demands and liabilities that arose before the Confirmation Date, and all debts of the kind

specified in section 502(g), 502(h), or 502(i) of the Bankruptcy Code.

m.    **Injunction.**

20.    Except as otherwise provided in Article X of the Plan, from and after the

Effective Date, all Entities are permanently enjoined from commencing or continuing in any

manner, any suit, action or other proceeding, or creating, perfecting or enforcing any lien of any

kind, on account of or respecting any claim, demand, liability, obligation, debt, right, Cause of

Action, Equity Interest, or remedy released or to be released, exculpated or to be exculpated, or

discharged or to be discharged pursuant to the Plan, the Prepetition Lender Settlement

Documents, the Adversary Dismissal Order, or this Confirmation Order.  By accepting

distributions pursuant to the Plan, each Holder of an Allowed Claim or Equity Interest will be

deemed to have specifically consented to this injunction.  All injunctions or stays provided for in

the Chapter 11 Cases under section 105 or 362 of the Bankruptcy Code, or otherwise, and in

existence on the Confirmation Date, will remain in full force and effect until the Consummation

Date.

21.    **Exemption from Transfer Taxes**.  Pursuant to section 1146(a) of the

Bankruptcy Code, any transfers (whether from a Debtor to a Reorganized Debtor or to any other

Person) of property under the Plan, including, but not limited to, (a) all actions, agreements, and

documents necessary to evidence and implement the provisions of and distributions to be made

28

under the Plan, including the Prepetition Lender Settlement Documents; (b) the maintenance or creation of security or any Lien as contemplated by the Plan; (c) assignments, sales, or transfers executed in connection with any transaction occurring under the Plan or the Prepetition Lender Settlement Documents; and (d) the making, delivery, or recording of any deed or other instrument or transfer order, in furtherance of, or in connection with, the Plan, including any deeds, bills of sale, assignments, or other instrument of transfer executed in connection with any disposition or transfer of Assets contemplated under the Plan, shall not be subject to any Stamp or Similar Tax to the fullest extent contemplated by section 1146(a) of the Bankruptcy Code, and upon entry of this Confirmation Order, the appropriate federal, state, or local governmental officials or agents or taxing authorities are directed to forego the collection of any such Stamp or Similar Tax and to accept for filing and recordation any of the foregoing instruments or other documents pursuant to such transfers of property without the payment of any such Stamp or Similar Tax.

22.    **Documents, Mortgages, and Instruments.**  This Confirmation Order is and shall be binding upon and shall govern the acts of all persons or entities including, without limitation, all filing agents, filing officers, title agents, title companies, recorders of mortgages, recorders of deeds, registrars of deeds, administrative agencies, governmental departments, secretaries of state, federal, state and local officials, and all other persons and entities who may be required, by operation of law, the duties of their office, or contract, to accept, file, register, or otherwise record or release any document or instrument.  Each and every federal, state,

29

commonwealth, local, foreign, or other governmental agency is authorized to accept any and all documents, mortgages, and instruments (including financing statements under the applicable uniform commercial code) necessary, useful or appropriate to effectuate, implement, or consummate the Plan, including the Restructuring Transactions, and this Confirmation Order.

23.    **Continued Effect of Stays and Injunction**.  Unless otherwise provided in the Plan or this Confirmation Order, all injunctions or stays in effect in the Chapter 11 Cases under sections 105 or 362 of the Bankruptcy Code, or otherwise, that are in existence on the Confirmation Date shall remain in full force and effect until the Consummation Date.  The Debtors may not file another case under the Bankruptcy Code or any other Insolvency or Liquidation Proceeding prior to the Consummation Date.

24.    **Nonseverability of Plan Provisions Upon Confirmation**.  Each provision of this Confirmation Order, the Plan, and the Prepetition Lender Settlement Documents is: (a) valid and enforceable in accordance with its terms; (b) integral to the Plan and may not be deleted or modified without the Debtors' and the Lender Parties' mutual consent (and, with respect to this Confirmation Order, may not be deleted or modified without a Court order (subject to such other consents and consultation rights set forth in the Plan) in accordance with the terms set forth in the Plan; and (c) nonseverable and mutually dependent.

25.    **Post-Confirmation Modifications**.  Without need for further order or authorization of the Court, subject to the limitations and rights contained in the Plan and the Prepetition Lender Settlement Documents, the Debtors or the Reorganized Debtors, as

DOCS_SF:101273.3

applicable, with the prior written consent of the Lender Parties, are authorized and empowered to make any and all modifications to any and all documents that are necessary to effectuate the Plan that do not materially modify the terms of such documents and are consistent with the Plan (subject to any applicable consents or consultation rights set forth therein).  Subject to the limitations and rights contained in the Plan and the Prepetition Lender Settlement Documents, the Debtors and the Reorganized Debtors, as applicable, with the prior written consent of the Lender Parties, may amend or modify the Plan, in accordance with, and to the extent permissible under, section 1127(b) of the Bankruptcy Code, or remedy any defect or omission or reconcile any inconsistency in the Plan in such manner as may be necessary to carry out the purpose and intent of the Plan.  Any amendment or modification of the Plan without the prior written consent of the Lender Parties shall be void *ab initio*.

26.    **Applicable Nonbankruptcy Law**.  To the maximum extent permissible under applicable law, the provisions of this Confirmation Order, the Plan and related documents, or any amendments or modifications thereto, shall apply and be enforceable notwithstanding any otherwise applicable nonbankruptcy law.

27.    **Governmental Approvals Not Required**.  To the maximum extent permissible under applicable law, this Confirmation Order shall constitute all approvals and consents required, if any, by the laws, rules, or regulations of any state, federal, or other governmental authority with respect to the dissemination, implementation, or consummation of

31

the Plan, any certifications, documents, instruments or agreements, and any amendments or

modifications thereto, and any other acts referred to in, or contemplated by, the Plan.

28.    **Notices of Confirmation and Effective Date**.  The Reorganized Debtors

shall serve notice of entry of this Confirmation Order in accordance with Bankruptcy Rules 2002

and 3020(c) on all Holders of Claims and Equity Interests and notice parties under Bankruptcy

Rule 2002 within three (3) Business Days after the date of entry of this Confirmation Order.  As

soon as reasonably practicable after the Effective Date, the Reorganized Debtors shall file notice

of the Effective Date and shall serve a copy of the same on the above-referenced parties.  The

notice of the Effective Date may be included in the Confirmation Order Notice.  The notice of

the Effective Date shall include a notice of the Administrative Expense Claims Bar Date, and

shall be served on all known holders of Administrative Expense Claims.

29.    **Immediate Effectiveness; Waiver of Stay**.  The requirements under

Bankruptcy Rule 3020(e) that an order confirming a plan is stayed until the expiration of

fourteen (14) days after entry of the order are hereby waived.  The terms and provisions of this

Confirmation Order shall be immediately effective and shall not be stayed pursuant to

Bankruptcy Rules 3020(e), 6004(h), 6006(d), or 7062, or otherwise.

30.    **References to and Omissions of Plan Provisions**.  References in this

Confirmation Order to articles, sections, and provisions of the Plan are inserted for convenience

of reference only and are not intended to be a part of or to affect the interpretation of the Plan.

The failure to specifically include or to refer to any particular article, section, or provision of the

DOCS_SF:101273.3

Plan in this Confirmation Order shall not diminish or impair the effectiveness of such article,

section, or provision, it being the intent of the Court that the Plan be confirmed in its entirety,

except as expressly modified herein, and incorporated herein by this reference.

31. **Headings**. Headings utilized herein are for convenience and reference

only, and do not constitute a part of the Plan or this Confirmation Order for any other purpose.

32. **Effect of Conflict**. Notwithstanding any other provision of the Plan

(including any provision that purports to be preemptory), in the event of an inconsistency

between the Plan, the Disclosure Statement, or any Plan Document, on the one hand, and the

Prepetition Lender Settlement Documents, on the other hand, the terms of the Prepetition Lender

Settlement Documents shall control. In the event of an inconsistency between the Plan and any

other instrument or document created or executed pursuant to the Plan, or between the Plan and

the Disclosure Statement, the Plan shall control. The provisions of the Plan, the Disclosure

Statement, and any Plan Document, on the one hand, and this Confirmation Order, on the other

hand, shall be construed in a manner consistent with each other so as to effectuate the purposes

of each; *provided, however*, that if there is determined to be any inconsistency between any

provision of the Plan, the Disclosure Statement, or any of the Plan Documents, on the one hand,

and any provision of this Confirmation Order, on the other hand, that cannot be so reconciled,

then, solely to the extent of such inconsistency, the provision of this Confirmation Order shall

govern, and any such provisions of this Confirmation Order shall be deemed a modification of

the Plan, the Disclosure Statement, or the Plan Documents, as applicable.

DOCS_SF:101273.3

33.     **Reversal/Stay/Modification/Vacatur of Confirmation Order**.  If any or all of the provisions of this Confirmation Order are hereafter reversed, modified, vacated, or stayed by subsequent order of this Court or any other court of competent jurisdiction, such reversal, stay, modification, or vacatur shall not affect the validity or enforceability of any act, obligation, indebtedness, liability, priority, security interest granted or lien incurred or undertaken by the Debtors or the Reorganized Debtors, as applicable, prior to the occurrence of such reversal, stay, modification, or vacatur.  Notwithstanding any such reversal, stay, modification, or vacatur of this Confirmation Order, any such act or obligation incurred or undertaken pursuant to, or in reliance on, this Confirmation Order prior to the occurrence of such reversal, stay, modification, or vacatur shall be governed in all respects by the provisions of this Confirmation Order and the Plan.

34.     **Retention of Jurisdiction**.  Upon the Effective Date and notwithstanding the occurrence of the Consummation Date, the closing of these Chapter 11 Cases, or the filing by any party to the Prepetition Lender Settlement Agreement for bankruptcy (or otherwise becoming subject to a bankruptcy proceeding) or such party otherwise becoming subject to an Insolvency or Liquidation Proceeding, this Court shall retain jurisdiction over the Chapter 11 Cases and all Entities with respect to all matters arising out of, and related to, these Chapter 11 Cases, the Debtors, and the Plan, as set forth in Article XII of the Plan.

Dated:  June 19, 2019

HONORABLE KEVIN GROSS
UNITED STATES BANKRUPTCY JUDGE

34

DOCS_SF:101273.3