IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| WHITE EAGLE ASSET PORTFOLIO, LP, *et al.*,[1] | ) | Case No. 18-12808 (KG) |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

**Objection Deadline: September 11, 2019 at 4:00 p.m. prevailing Eastern time**
**Hearing Date: September 18, 2019 at 2:00 p.m. prevailing Eastern time**

## MOTION FOR ENTRY OF ORDER AND FINAL DECREE CLOSING THE CHAPTER 11 CASE OF WHITE EAGLE ASSET PORTFOLIO, LP ONLY, WAIVING REQUIREMENT OF FURTHER POST-CONFIRMATION REPORTING IN SUCH CHAPTER 11 CASE, AND UPDATING CASE CAPTION

The Reorganized Debtors in the above-captioned matter (the "Debtors" or "Reorganized Debtors") hereby move (this "Motion") this Court for entry of a final decree closing the chapter 11 case of White Eagle Asset Portfolio, LP ("WEAP") pursuant to section 350 of title 11 of the United States Code (the "Bankruptcy Code") and Rule 3022 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), waiving the requirement of further post-confirmation reporting in WEAP's chapter 11 case, and updating the case caption to reflect the relief requested herein. For the avoidance of doubt, the chapter 11 cases of White Eagle General Partner, LLC ("WEGP") and Lamington Road Designated Activity Company ("LRDAC") shall remain pending and are unaffected by this Motion. In support of this Motion, the Reorganized Debtors respectfully represent as follows:

---

[1] The Reorganized Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number include: White Eagle Asset Portfolio, LP (0691); White Eagle General Partner, LLC (8312); and Lamington Road Designated Activity Company (7738). The location of the Debtors' service address in these chapter 11 cases is 5355 Town Center Road, Suite 701, Boca Raton, FL 33486.

**Jurisdiction**

1.     The Court has jurisdiction over this matter under 28 U.S.C. § 1334.  This

is a core proceeding within the meaning of 28 U.S.C. §§ 157(b)(2).  Venue of this chapter 11

case in this district is proper under 28 U.S.C. §§ 1408 and 1409.

2.     The legal basis for the relief requested herein is section 350 of the

Bankruptcy Code, Bankruptcy Rule 3022, and Del.Bankr.LR 5009-1(a) and (b).

**Background**

3.     On November 14, 2018, WEGP and LRDAC commenced these cases by

filing voluntary petitions for relief under chapter 11 of the Bankruptcy Code.

4.     On December 13, 2018, WEAP filed a voluntary petition for relief under

chapter 11 of the Bankruptcy Code (together with the cases filed by WEGP and LRDAC, the

"Chapter 11 Cases").

5.     In accordance with the *Order (I) Directing Joint Administration of*

*Chapter 11 Cases and (II) Granting Related Relief* [Docket No. 11], the Chapter 11 Cases have

been consolidated for procedural purposes only and are being jointly administered pursuant to

Bankruptcy Rule 1015.

6.     No statutory committee has been appointed in the Chapter 11 Cases by the

Office of the U.S. Trustee.

**Settlement with Lender Parties and Confirmed Plan**

7.     On May 7, 2019, the Debtors filed the *Notice of Settlement Term Sheet*

[Docket No. 242] attaching a term sheet reflecting settlement between (i) the Debtors and certain

4

of their non-Debtor affiliates, Emergent Capital, Inc., Imperial Finance and Trading, LLC,

Lamington Road Bermuda, LTD, OLIPP IV, LLC, and Markley Asset Portfolio, LLC

(collectively, the "Debtor Parties"), on the one hand, and (ii) the Lender Parties, on the other

hand (the "Settlement Term Sheet").

8.    On May 15, 2019, the Debtors filed the *Motion of the Debtors Pursuant to*

*Sections 105(a) and 363(b) of the Bankruptcy Code and Bankruptcy Rule 9019 for Order*

*Approving Settlement Between Debtors, Certain Non-Debtor Affiliates, and Lender Parties* (the

"Settlement Motion") [Docket No. 253].

9.    On May 24, 2019, in further support of the Settlement Motion and as a

supplement thereto, the Debtors filed the executed *Settlement Agreement*, dated as of May 24,

2019, between the Debtor Parties and the Lender Parties (the "Settlement Agreement") [Docket

No. 284].  On the same date and consistent with the terms of the Settlement Agreement, the

Debtors filed the *Debtors' Amended Joint Chapter 11 Plan of Reorganization* [Docket No. 282].

10.    On June 5, 2019, the Court entered an order approving the Settlement

Motion and the Settlement Agreement [Docket No. 316].  The settlement went into effect on the

same day.

11.    On June 18, 2019, the Debtors filed the *Debtors' Second Amended Joint*

*Chapter 11 Plan of Reorganization* [Docket No. 343] (as amended, modified, or supplemented,

the "Plan").  Following a hearing on June 19, 2019, the Court entered an order confirming the

Plan [Docket No. 349] (the "Confirmation Order").  The Confirmation Order is now a final

order.  The Effective Date of the Plan (as defined therein) occurred on June 19, 2019.  The Plan

provides that the Consummation Date of the Plan (as defined therein) occurs when the Debtors' obligations to the Lender Parties are satisfied in full.

12.     On July 9, 2019, the Debtors filed the *Debtors' Motion for Entry of an Order (I) (A) Authorizing the Sale of the Majority Equity Interests in Debtors White Eagle Asset Portfolio, LP and White Eagle General Partner, LLC Free and Clear of Liens, Claims, Encumbrances, and Other Interests, (B) Authorizing Assumption and Payment of Liabilities of White Eagle Asset Portfolio, LP and White Eagle General Partner, LLC by Debtor Lamington Road Designated Activity Company, (C) Approving Bid Protections in Favor of the Purchaser Support Parties, (D) Granting the Buyer and the Purchaser Support Parties the Protections Afforded to a Good Faith Purchaser, and (E) Granting Related Relief* [Docket No. 358] (the "Sale Motion").  Pursuant to the Sale Motion, the Debtors sought to sell a 72.5% ownership interest in WEAP to a third party buyer at a price which, together with cash on hand, was sufficient to pay the Early Payoff Amount due to the Lender Parties pursuant to the Settlement Agreement and fulfill all of the Debtors' obligations to the Lender Parties under the Settlement Agreement and the Plan.  The Sale Motion also requested approval for LRDAC to assume all of WEAP's liabilities under the Plan and otherwise (as further defined in the Sale Motion, the "White Eagle Liabilities") and to release WEAP from all of the White Eagle Liabilities.  The Court entered an order approving the Sale Motion (including the assumption of the White Eagle Liabilities by LRDAC) on July 22, 2019 [Docket No. 393].  The sale closed on August 16, 2019 and, as a result, the Plan has now been consummated by virtue of the repayment of the Early Payoff Amount due to the Lender Parties.  Also on August 16, 2019, WEAP satisfied allowed

6

administrative and general unsecured claims and LRDAC holds sufficient reserves to satisfy all of its remaining liabilities (namely, administrative claims yet to obtain Court approval) and the White Eagle Liabilities assumed by LRDAC from which WEAP has been released.  It is a post-closing condition of the sale that the Chapter 11 Case of WEAP must be promptly closed.

13.    Following a hearing on August 23, 2019, this Court entered orders allowing final applications for compensation and reimbursement of expenses of certain of the Debtors' professionals.

14.    There are no pending proofs of claim filed against WEAP.  All proofs of claim have been paid in full.  All applicable bar dates and deadlines for filing prepetition or administrative claims against WEAP through the effective date of the Plan have lapsed.  All disputes and controversies in WEAP's Chapter 11 Case have been resolved.  Moreover, this Court approved LRDAC's assumption of the White Eagle Liabilities and released WEAP from all of its liabilities and obligations under the Plan.

15.    WEAP has filed (or will file prior to the hearing on this Motion) all required monthly operating reports and post-confirmation quarterly reports.  Further, WEAP has paid (or will pay prior to the hearing on this Motion) all required obligations due and owing to the Office of the U.S. Trustee pursuant to 28 U.S.C. § 1930(a)(6) through the date of closing of WEAP's Chapter 11 Case.

## Relief Requested

16.    By this Motion, the Reorganized Debtors seek entry of an order closing the Chapter 11 Case of WEAP only and waiving the requirement of further post-confirmation

7

reporting in such Chapter 11 Case.  The Chapter 11 Cases of WEGP (Case No. 18-12614 (KG))

and LRDAC (Case No. 18-12615 (KG)) will remain open and are unaffected by this Motion.  In

addition, the Reorganized Debtors request that the Court update the caption of these Chapter 11

Cases to reflect the closing of WEAP's Chapter 11 Case.

### Basis For Relief Requested

17.    Del.Bankr.LR 5009-1(a) and (b) provide as follows:

a.    <u>Motion</u>.  Upon written motion, a party in interest may seek the entry of a final decree at any time after the confirmed plan has been substantially consummated provided that all required fees due under 28 U.S.C. § 1930 have been paid. . . .

b.    <u>Service</u>.  A motion for the entry of a final decree shall be served upon the debtor, the trustee, if any, the United States Trustee, all official committees and all creditors who have filed a request for notice pursuant to Fed.R.Bankr.P. 2002 and Local Rule 9013.

Del. Bankr. LR 5009-1 (a), (b) (2009).

18.    Bankruptcy Rule 3022 provides that "[a]fter an estate is fully administered

in a chapter 11 reorganization case, the court, on its own motion or on the motion of a party in

interest, shall enter a final decree closing the case."  Fed. R. Bankr. P. 3022.

19.    According to the 1991 Advisory Committee Note to Bankruptcy Rule

3022, factors that a court should consider in determining whether the estate has been fully

administered include (a) whether the order confirming the plan has become final, (b) whether

deposits required by the plan have been distributed, (c) whether the property proposed by the

plan to be transferred has been transferred, (d) whether the debtor or successor of the debtor

under the plan has assumed the business or the management of the property dealt with by the

plan, (e) whether payments under the plan have commenced, and (f) whether all motions,

contested matters, and adversary proceedings have been fully resolved.

20.     Not all of these factors need to exist before the court may enter a final

decree, *see, e.g., In re Mold Makers, Inc.*, 124 B.R. 766, 768 (Bankr. N.D. Ill. 1990), nor are the

factors listed in the Advisory Committee note exclusive.  *See, e.g., In re Jordan Mfg. Co.*, 138

B.R. 30, 35 (Bankr. C.D. Ill. 1992).  Rather, courts use these factors "as a guide in assisting the .

. . decision to close the case."  *Mold Makers*, 124 B.R. at 768.  "The court should not keep the

case open only because of the possibility that the court's jurisdiction may be invoked in the

future."  *In re Ground Systems, Inc.*, 213 Bankr. 1016, 1019 (B.A.P. 9th Cir. 1997).

21.     In addition, the fact that not all adversary proceedings or contested matters

have been resolved is not necessarily a bar to the entry of a final decree, as a bankruptcy court

has the ability to retain jurisdiction over discrete controversies while closing the larger

bankruptcy case.  *See, e.g., In re JMP-Newcor Int'l*, 225 B.R. 462, 465 (Bankr. N.D. Ill. 1998)

("This appears to be a reasonable compromise between the policy against delaying the closing of

cases and the need for the court to adjudicate pending matters ancillary to the administration of

the bankruptcy estate.").

22.     Each of the foregoing factors (to the extent relevant) has been satisfied

with respect to the Chapter 11 Case of WEAP:  (a) the order confirming the Plan has become

final; (b) the property proposed by the Plan to be transferred has been transferred; (c) the

payments contemplated under the Plan (and Settlement Agreement) have been made; and (d) all

motions, contested matters, and adversary proceedings have been fully resolved.  Specifically,

the sale of the majority interests (representing 72.5% of the equity) in WEAP is now complete,

with LRDAC retaining the remaining 27.5% equity interest in WEAP.  Proceeds of the sale were

used, among other things, to pay the Early Payoff Amount, which resulted in the payment of the

outstanding obligations of the Debtors due and owing to the Lender Parties pursuant to the

Settlement Agreement and the Plan.  LRDAC has assumed any remaining liabilities of WEAP

following closing, and this Court has approved the release of WEAP from the White Eagle

Liabilities.  It is also a post-closing condition of the sale that the Chapter 11 Case of WEAP must

be promptly closed.  Accordingly, the Reorganized Debtors seek to close the Chapter 11 Case of

WEAP.

23.     Similar relief has been granted in other cases in this District.  *See, e.g.*

*Majestic Star Casino*, LLC et al. Case No. 09-14136 (KG), *In re EZ Lube, LLC, et al.*, Case No.

08-13256 (CSS), Order Granting Debtors' Motion For The Entry of An Order And Final Decree

Closing Chapter 11 Cases dated March 30, 2012 [Docket No. 1108]; *In re Nellson*

*Nutraceuticals, Inc.*, Case No. 06-10072 (CSS), Order And Final Decree Closing Certain Of The

Chapter 11 Cases (Excluding Nellson Nutraceutical, Inc.) dated July 31, 2009 [Docket No.

2371]; *In re Combustion Engineering, Inc.*, Case No. 03-10495 (JKF), Final Decree dated June

1, 2007 [Docket No. 3300].

24.     As noted above, WEAP intends to pay all required United States Trustee

fees prior to the hearing on this Motion.

25.     Pursuant to section 350(b) of the Bankruptcy Code, the Court retains jurisdiction to reopen WEAP's Chapter 11 Case for further administration in the unlikely event that the need to do so arises.  The relief sought herein will not prejudice any other party in interest.  Moreover, closing WEAP's case will relieve both the burden to the Court's docket, as well as to the Reorganized Debtors and the remaining estates from the payment of further administration fees.

26.     Accordingly, it is appropriate for the Court to enter a final decree closing the Chapter 11 Case of WEAP, subject to and with the express acknowledgement that all required United States Trustee fees have be paid.

27.     In addition, the requirement for further post-confirmation reporting in WEAP's Chapter 11 Case should be waived.  No beneficial purpose would be served by further reporting in such case.  The last activity in White Eagle's Chapter 11 Case will be set forth in the post-confirmation report to be filed prior to the hearing on this Motion and no further activity will occur in WEAP's case.

28.     Should the Court grant the Reorganized Debtors' request to close WEAP's Chapter 11 Case, the Reorganized Debtors request that the Court update the case caption in the remaining Chapter 11 Cases of WEGP and LRDAC as follows:

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| WHITE EAGLE GENERAL PARTNER, LLC, *et al.*[1] | ) | Case No. 18-12614 (KG) |
| | ) | |
| | ) | Jointly Administered |
| Reorganized Debtors. | ) | |

[1] The Reorganized Debtors in these chapter 11 cases, along with the last four digits of each Reorganized Debtor's federal tax identification number include:  White Eagle General Partner, LLC (8312) and Lamington Road Designated Activity Company (7738).  The location of the Reorganized Debtors' service address in these chapter 11 cases is 5355 Town Center Road, Suite 701, Boca Raton, FL 33486.

## Notice

29.     The Reorganized Debtors have provided notice of the relief requested in this Motion to (i) the United States Trustee for the District of Delaware, and (ii) all parties that have requested such notice pursuant to Bankruptcy Rule 2002.  In light of the nature of the relief requested herein, the Reorganized Debtors submit that no other or further notice need be given.

*[Remainder of page intentionally left blank]*

12

WHEREFORE, the Reorganized Debtors respectfully request: (i) entry of a final decree closing WEAP's Chapter 11 Case only pursuant to section 350 of Bankruptcy Code and Rule 3022 of the Bankruptcy Rules and waiving the requirements of further post-confirmation reporting in such Chapter 11 Case; (ii) updating the caption of these cases as requested herein; and (iii) granting such other and further relief as this Court deems just and proper.

Dated:  August 28, 2019                     PACHULSKI STANG ZIEHL & JONES LLP

                                            */s/ Colin R. Robinson*
                                            Richard M. Pachulski (CA Bar No. 90073)
                                            Ira D. Kharasch (CA Bar No. 109084)
                                            Maxim B. Litvak (CA Bar No. 215852)
                                            Colin R. Robinson (DE Bar No. 5524)
                                            919 North Market Street, 17th Floor
                                            P. O. Box 8705
                                            Wilmington, Delaware 19899 (Courier 19801)
                                            Telephone: (302) 652-4100
                                            Facsimile:  (302) 652-4400
                                            E-mail:  rpachulski@pszjlaw.com
                                                     ikharasch@pszjlaw.com
                                                     mlitvak@pszjlaw.com
                                                     crobinson@pszjlaw.com

                                            Counsel to Debtors and Debtors in Possession